UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Mark Nunez,

           Plaintiff,

–v–

C.O. Rodney Mitchell, *et al.*,

           Defendants.

17-CV-9734 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On February 2, 2018, Defendants Mitchell, Jennings, and Lebron moved to dismiss the amended complaint in this case. Dkt. No. 9. On April 30, 2018, Plaintiff filed an opposition to Defendants' motion to dismiss. Dkt. No. 17 ("Pl. Br."). And on May 21, 108, Defendants filed a reply memorandum of law in support of their motion. Dkt. No. 18. For the following reasons, Defendants' motion to dismiss is granted.

**I.   Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the amended complaint ("Am. Compl.").

On February 6, 2014, Plaintiff and his girlfriend, Karen Wilson, were in state court to respond to a summons they had both received for walking their dog without a leash. Am. Compl. at ¶¶ 1-2. Plaintiff and Ms. Wilson were waiting in line for the courtroom clerk to call them into the courtroom. Am. Compl. at ¶ 5. Plaintiff had joined Ms. Wilson at the front of the

1

line. Am. Compl. at ¶ 6. One of the defendants, believed to be Defendant Jennings, told Plaintiff to "get out of the line!" Am. Compl. at ¶¶ 7-8. Plaintiff asked "Why do I have to get out of the line? I'm here with my girlfriend and we both are here to answer for a summons we received." Am. Compl. at ¶ 9. According to the amended complaint, "Defendant Jennings responded to the Plaintiff by shouting 'I told you to go to the back of the line, else you aint' gonna see no fucken [sic] judge today!'" Am. Compl. at ¶ 10. Plaintiff got out of line and informed the officer that he "shouldn't have to put up with this." Am. Compl. at ¶ 11.

Defendant Jennings, along with several other court officers, demanded Plaintiff place his hands behind his back, and told Plaintiff he was being arrested. Am. Compl. at ¶¶ 12-14. When Plaintiff asked why he was being arrested, Defendant Jennings responded, "because I can!" Am. Compl. at ¶¶ 15-16. According to the amended complaint, "the officers surrounded [Plaintiff], and proceed to grabbed [sic] him, and threw him onto the concreate [sic] floor, placing their knees onto [Plaintiff's] neck and back." Am. Compl. at ¶ 17. Plaintiff "was thrown against the wall by the Defendant officers during the course of his arrest, and placed in a cell for several hours." Am. Compl. at ¶ 18. Plaintiff sustained injuries as a result of the arrest, Am. Compl. at ¶¶ 20, 22, and as a result, was taken to the emergency room. Am. Compl. at ¶ 21. Plaintiff was then "taken to central booking where he was fingerprinted, photographed, and placed in a jail cell." Am. Compl. at ¶ 24. Plaintiff was unable to post bail at his arraignment. Am. Compl. at ¶ 24. Plaintiff was therefore taken to Rikers Island where he remained for seven days until he could post bail. Am. Compl. at ¶ 26.

Plaintiff was charged under various New York state laws with: (1) Assault on a Law Enforcement Officer (2) Assault in the Third Degree (3) Resisting Arrest (4) Obstructing Governmental Administration (5) Menacing (6) Unlawful Possession of Marijuana (7) and

Harassment. Am. Compl. at ¶ 27. On August 24, 2016, Bronx County Criminal Court Judge George Grasso dismissed all charges against Plaintiff. Am. Compl. at ¶ 28.

Plaintiff, proceeding *pro se*, commenced this case on July 31, 2017, by filing a complaint in Bronx County Supreme Court. See Dkt. No. 1, Ex. A. After retaining counsel, Plaintiff filed an amended complaint on November 17, 2017. See Dkt. No. 1, Ex. B. The amended complaint added several federal claims. See *id*. On December 12, 2017, Defendants removed the action to the United States District Court, Southern District of New York. See Dkt. No. 1. On February 2, 2018, Defendants moved to dismiss the amended complaint, arguing that the claims were time barred, barred by the Eleventh Amendment, or insufficiently pled. See Dkt. No. 9. On April 30, 2018, Plaintiff filed an opposition to Defendants' motion to dismiss. Dkt. No. 17. And on May 21, 108, Defendants filed a reply memorandum of law in support of their motion. Dkt. No. 18.

Plaintiff alleges six causes of action against Defendants in his amended complaint: (1) malicious prosecution in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; (2) conspiracy to violate Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983; (3) wrongful incarceration; (4) false arrest in violation of the United States and New York State constitutions; (5) false imprisonment; and (6) intentional infliction of emotional distress. Am. Compl. at ¶¶ 38-101. In the amended complaint, each defendant was named in their individual and official capacities. Am. Compl. at ¶ 37.

In his opposition to Defendants' motion to dismiss, Plaintiff withdrew his intentional infliction of emotional distress claim. Dkt. No. 17 at 20. Plaintiff also withdrew all of his claims against Defendants in their official capacity, acknowledging that the claims were barred by the Eleventh Amendment. *Id.* at 22.

## II. Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Therefore, "pleadings that contain no more than conclusions are not entitled to the assumption of truth otherwise applicable" *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013) (citations omitted).

In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint," and any exhibits attached. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("a district court errs when it...relies on factual allegations contained in legal briefs or memoranda).

## III. Plaintiff's Claims

### A. Plaintiff's false arrest and conspiracy claims, and state law claims

Section 1983 claims impose civil liability upon any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. The statute of limitations for Section 1983 claims is governed by state law, and in New York, there is a three-year statute of limitations. *See Shomo v. City of New York*, 579

F.3d 176, 181 (2d Cir. 2009).

Plaintiff's false arrest claim under Section 1983 is time barred. A claim for false arrest accrues on the date of the arrest. *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Plaintiff was arrested on February 6, 2014. Am. Compl. ¶ 1. Plaintiff did not file his complaint until July 31, 2017. *See* Dkt. No. 1, Ex. A

Plaintiff argues that his false arrest claim is not time barred because fewer than three years have lapsed between the filing of Plaintiff's complaint and the date of dismissal of the state criminal proceeding against him. Pl. Br. at 22. Citing *Covington v. City of New York*, 171 F.3d 117 (2d Cir. 1999), he contends that his Section 1983 claim should not accrue until the dismissal of the state criminal proceedings. This is incorrect. As the Supreme Court stated in a later case, *Kato*, 549 U.S. at 397, time on a false arrest claim begins to accrue when the arrest occurs. Accordingly, his false arrest claim is time barred.

Plaintiff's conspiracy claim under Section 1983 is also time barred. For a conspiracy claim, "the cause of action accrues and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damage." *Chodos v. F.B.I.*, 559 F. Supp. 69, 74 (S.D.N.Y.), *aff'd*, *Chodos v. Fed. Bureau of Investigation, Police Dep't City of New York*, 697 F.2d 289 (2d Cir. 1982). Plaintiff alleges that Defendants "conspired with one another to deprive [Plaintiff] of his constitutional rights," and in furtherance of that conspiracy, Defendants "engaged in the false arrest, imprisonment, and prosecution" of Plaintiff. Am. Compl. at ¶ 62. Because the alleged overt acts occurred on the date of Plaintiff's arrest, the conspiracy also

accrued on February 6, 2014. *See Brandon v. Musoff*, 2012 WL 135592, at *6 (S.D.N.Y. Jan. 17, 2012). Plaintiff did not file his complaint until July 31, 2017. Accordingly, his conspiracy claim is time barred.

Plaintiff's state law claims for false arrest and false imprisonment are also time-barred. Plaintiff's state law claims have a one year statute of limitations. C.P.L.R. § 215(3) ("The following actions shall be commenced within one year…false imprisonment…"); *Bellissimo v. Mitchell*, 122 A.D.3d 560, 995 (2014) ("Causes of action based on false arrest and false imprisonment… are governed by a one-year statute of limitations."). Because Plaintiff's claims relate to events that occurred in February 2014, and he did not commence this action until July 2017, his state law claims are time barred.

Finally, Plaintiff brings a claim for "wrongful incarceration." It is unclear if this is cause of action under federal or state law, as Plaintiff does not allege a specific law that was violated. To the extent it is another way to state a "false imprisonment" claim, it is time barred. If Plaintiff is making a state law claim of an "unjust conviction," he cannot plausibly allege this, as he was never convicted. N.Y. CT. CL. ACT § 8-b ("The legislature intends by enactment of the provisions of this section that those innocent persons who can demonstrate by clear and convincing evidence that they were *unjustly convicted* and imprisoned be able to recover damages against the state.") (emphasis added). Accordingly, the wrongful conviction claim is also dismissed.

Other than the argument addressed and rejected above about the false arrest claim, Plaintiff makes no opposition arguments about the untimeliness of his other claims.

**B. Plaintiff's malicious prosecution claim, and conspiracy to support a malicious prosecution claim**

Plaintiff makes a claim against Defendants for malicious prosecution pursuant to 42

6

U.S.C. § 1983. Am. Compl. at ¶¶ 38-60. A malicious prosecution claim under Section 1983 is "substantially the same" as a malicious prosecution claim under state law. *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (citations and quotations omitted). For a malicious prosecution to rise to a constitutional level under Section 1983, there must also be a post-arraignment seizure. *Jocks*, 316 F.3d at 136.

Additionally, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (citations and quotations omitted). This presumption may only be rebutted by "evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino*, 331 F.3d at 73.

Here, Plaintiff has not rebutted the presumption of probable cause. Plaintiff merely alleges that "Defendants prepared false statements which they knew were false in order to apprehend, imprison, and prosecute the Plaintiff without legal justification." Am. Compl. at ¶ 30. This conclusory statement does not provide sufficient factual basis to overcome the presumption of probable cause. *Iqbal*, 556 U.S. at 678 ("the pleading standard…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation…Threadbare recitals of the

7

elements of a cause of action, supported by mere conclusory statements, do not suffice."). Nor does Plaintiff differentiate here between the actions of Defendants. *Adamou v. Cty. of Spotsylvania, Virginia*, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) ("Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.") (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)). To the extent Plaintiff points to other factual statements in the amended complaint to rebut the presumption of probable cause, see Plaintiff Br. at 11-12—those facts relate to the arrest, and not to the prosecution. Those allegations are not relevant to a malicious prosecution claim. *See Melendez v. City of New York*, 2017 WL 4221083, at *4 (S.D.N.Y. Sept. 20, 2017).[1] Accordingly, Plaintiff's malicious prosecution claim is dismissed.

Plaintiff also indirectly alleges a claim of conspiracy to support a malicious prosecution. *See* Am. Compl. at ¶ 62. *See also* Pl. Br. at 18-19. This claim is also dismissed, as Plaintiff has failed to sufficiently allege a conspiracy. In order to survive a motion to dismiss on a conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). As to an agreement, Plaintiff alleges that "Defendants Mitchell, Jennings and LeBron [sic], under color of law, conspired with one another to deprive Mr. Nunez of his constitutional rights, including the right to be free from... malicious prosecution." Am. Compl. at ¶ 62. And that "in furtherance of the conspiracy, and in order to cover up their unlawful acts, Defendants engaged in...prosecution of Mr. Nunez, by fabricating and concocting criminal charges lodged against Plaintiff Nunez." Am. Compl. at ¶ 63. These conclusory allegations are not sufficient to allege

---

[1] To the extent Plaintiff makes new factual allegations in his opposition brief, the Court does not consider them. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000).

an agreement between the Defendants, as the Second Circuit "has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977). *See also Iqbal*, 556 U.S. at 678. Because Plaintiff has not sufficiently alleged an agreement, his conspiracy claim cannot survive. Therefore, Plaintiff's claim of conspiracy to support a malicious prosecution is dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff was on notice that declining to amend his pleadings to timely respond to Defendants' motion to dismiss could constitute a waiver of Plaintiff's right to use the amendment process to cure any defects that had been made apparent by Defendants' briefing. *See* Dkt. No. 11. Accordingly, the motion to dismiss is granted with prejudice. This resolves Docket Number 9. The Clerk of Court is respectfully requested to issue judgment and to close this case.

SO ORDERED.

Dated: September 10, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

9